Sandro GARCIA ESCOBAR, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–70333.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 28, 2005.

Sandro Garcia Escobar, Riverside, CA, pro se.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Cindy S. Ferrier, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Sandro Garcia Escobar, aka Faustino Antonio Urias Martinez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("Board") summary affirmance without opinion of an immigration judge's ("IJ") order finding him removable and granting voluntary departure. Our jurisdiction arises pursuant to 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

Petitioner contends that the IJ erred by denying him cancellation of removal. However, the record demonstrates that petitioner never applied for such form of relief. Accordingly, we lack jurisdiction to consider this contention. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to consider issues not exhausted before the agency).

Petitioner's equal protection challenge to the Nicaraguan and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' "). Petitioner's due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

Petitioner's constitutional challenge to the Board's streamlining regulations is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003). We need not consider separately whether the Board erred by streamlining petitioner's particular case because we conclude that he is not entitled to relief in this petition for review. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.